**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **14-01301-jw**

# ORDER ON MOTION FOR CONTEMPT

The relief set forth on the following pages, for a total of 10 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**10/25/2019**



Entered: 10/25/2019

_John E Waites_

US Bankruptcy Judge
District of South Carolina

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Walter Charles Alston and Cynthia Ann Alston,<br><br>Debtor(s). | C/A No. 14-01301-JW<br><br>Chapter 13<br><br>**ORDER ON MOTION FOR CONTEMPT** |
|---|---|

This matter comes before the Court upon the Motion for Contempt ("Motion") filed by Walter Charles Alston and Cynthia Ann Alston ("Debtors") on August 13, 2019. In the Motion, Debtor seeks a refund from Santander Consumer USA, Inc. ("Santander") for an overpayment of funds obtained from the Chapter 13 Trustee, an award of attorney's fees and sanctions against Santander. No responses were filed to the Motion.[1] A hearing was held on the Motion attended by joint-debtor, Walter Charles Alston, and Debtors' counsel. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157. Pursuant to Fed. R. Civ. P. 52, which is made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following findings of fact and conclusions of law.[2]

## **FINDINGS OF FACT**

1.  On March 5, 2014, Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code.

2.  Also on March 5, 2014, Debtors filed a proposed chapter 13 plan that provided the following as to Santander's claim: "The Trustee shall pay Santander [] the sum of $40.00 or more per month, along with 5.25% interest until the allowed secured claim is paid in full."

---

[1] The Certificate of Mailing included with the Motion indicated that Debtors served the Chapter 13 Trustee with the Motion by electronic notice. The Trustee did not file a response to the pleading.

[2] To the extent the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

1

3.  On April 11, 2014, Santander filed a proof of claim in Debtors' bankruptcy case indicating that it held a claim in the amount of $1,777.41 secured by a 2007 Chevrolet Silverado truck ("Vehicle").

4.  On May 15, 2014, Debtors' chapter 13 case was dismissed for the failure to submit required documents to the Chapter 13 Trustee.

5.  On May 23, 2014, Debtors filed a motion to reconsider dismissal of their case. The motion to reconsider dismissal was served on Santander at the notice addressed included in its proof of claim.

6.  It appears, unbeknownst to Debtors' counsel and the Chapter 13 Trustee, and while the motion to reconsider dismissal was pending, Debtors paid off Santander's claim, and based on a correspondence dated June 16, 2014 from Santander, the certificate of title for the Vehicle was provided to Debtors.

7.  On June 24, 2014, a Consent Order Granting Motion to Reconsider Dismissal of Case was entered, reinstating Debtors' chapter 13 case.

8.  Santander never withdrew or amended its claim after Debtors paid off its loan in June of 2014.

9.  On July 3, 2014, after no objections were filed, an Order Confirming Chapter 13 Plan was filed, confirming the chapter 13 plan originally filed on March 5, 2014. Both the chapter 13 plan and the Court's Order Confirming Chapter 13 Plan were served on Santander at the address indicated for notices in its proof of claim filed on April 11, 2014.

10. Pursuant to the language of the confirmed plan, the Chapter 13 Trustee paid the full amount of Santander's claim filed on April 11, 2014 with 5.25% interest, totaling $1,815.61, to Santander during the course of Debtor's chapter 13 case. It appears Santander accepted the Chapter

13 Trustee's payments pursuant to Debtors' chapter 13 plan despite the fact that the claim was paid in full prior to the confirmation of Debtors' plan.

11. After completion of the payments under Debtors' chapter 13 plan, an Order Discharging Debtor and Joint Debtor was entered on January 28, 2019 and the case was closed.

12. Debtors notified their counsel of the June 2014 payment to Santander and later provided proof of that payment to their counsel on February 12, 2019.

13. On February 25, 2019, Debtors' counsel sent a demand letter to Santander seeking a refund for the overpayment on the claim by the Chapter 13 Trustee. The demand letter was sent to the notice address indicated in Santander's proof of claim filed on April 11, 2014.

14. On June 3, 2019, Debtors' counsel sent a further demand letter to Santander seeking a refund for the overpayment. This further demand letter was also sent to the notice address indicated in Santander's proof of claim filed on April 11, 2014.

15. After receiving no response from Santander, on June 28, 2019, Debtors filed a motion to reopen their bankruptcy case, which was served on Santander,[3] and after no objection, an Order Granting Motion to Reopen Case was entered on August 8, 2019.

16. On August 13, 2019, Debtors filed the Motion and served the Motion on Santander at the notice address indicated in its proof of claim filed on April 11, 2014. No response to the Motion was filed by Santander. Debtors incurred attorney's fees and costs for reopening their bankruptcy case, filing the Motion, and preparing and attending the hearing on the Motion.

## **CONCLUSIONS OF LAW**

Debtors have made multiple requests for relief due to the overpayment of Santander's claim during Debtors' bankruptcy case, including a refund of the overpaid funds, an award of attorney's

---

[3] The motion to reopen bankruptcy case was served on Santander at the notice addressed indicated in its proof of claim filed on April 11, 2014.

fees for bringing the Motion, and sanctions for Santander's failure to withdraw or amend its proof of claim after Debtors paid the claim in full in June of 2014. No response was filed nor were any appearances made on behalf of Santander in this matter.

Debtors ask the Court to use its inherent authority under 11 U.S.C. § 105 to award the relief requested.[4] Section 105 provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." This Court and other courts have granted relief, including awarding attorney's fees, pursuant to § 105 when a party violates the terms of a chapter 13 plan and the court's confirmation order. *See, e.g., In re Berry*, 582 B.R. 886, 892–93 (Bankr. D.S.C.) aff'd C/A No. 2:18-444-MBS, slip op. 2019 WL 1034484 (D.S.C. Mar. 5, 2019).

### Refund of Overpayment

In considering whether Debtors are entitled a refund of the overpayment to Santander, the Court considers the applicable language of the confirmed plan, which provided that Santander shall be paid $40.00 or more a month with 5.25% interest "until the allowed secured claim *is paid in full*." (emphasis added). Despite its secured claim being paid in full in June of 2014, it does not appear that Santander withdrew or amended its claim or otherwise notified the Trustee that the claim was paid in full. Rather, Santander continued to accept payments from the Trustee for a satisfied debt. By continuing to accept payments after its claim was paid in full, Santander failed to observe and violated the express terms of that confirmed plan.

Despite receiving service of the Order Confirming Chapter 13 Plan, the motion to reopen bankruptcy case, the Court's order to reopen case, and the Motion, Santander provided no explanation as to how it applied the overpaid funds to the satisfied loan or why it retained the funds

---

[4] Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

after the loan was satisfied. It is apparent that by continuing to receive payments on a loan that had already been paid in full, Santander was aware it was receiving funds that it was not entitled to under the chapter 13 plan. Without an explanation from Santander or any evidence to the contrary, the Court concludes that Santander willfully and knowingly retained the overpaid funds in violation of the confirmed chapter 13 plan and that a refund of the overpayment is appropriate in this matter.

While the Court finds that a refund of the overpayment is appropriate under the applicable bankruptcy law due to Santander's violation of Debtors' confirmed chapter 13 plan, it appears a refund would also be proper under the relevant state law as well. The Supreme Court of South Carolina has permitted a refund of an overpayment when a party is operating under a mistake of fact (and therefore did not have the full knowledge of all the facts) when the transactions occurred. *Town of Bennettsville v. Bledsoe*, 84 S.E.2d 554, 556 (S.C. 1954) (internal quotations omitted). In situations of mistake, South Carolina courts focus on whether the party receiving the overpayment has made an irrevocable and detrimental change in position as a result of the overpayment. *See id.*

In circumstances where the overpayment was a mistake and the party who received the funds did not detrimentally change positions, the overpaid funds should be returned to the party who overpaid. *See McDonald's Corp. v. Moore*, 237 F. Supp. 874, 878 (W.D.S.C. 1965) ("[I]f a benefit is bestowed through mistake, no matter how careless or inexcusable the act of the bestower may have been, the recipient of the benefit in equity must make restoration, the theory being that the restitution result in no loss to the recipient. He merely received something for nothing." (quoting *United States v. Northwestern Nat'l Bank & Trust Co.*, 35 F. Supp. 484 (D. Minn. 1940))).[5]

---

[5] The facts of *McDonald's Corp. v. Moore* are similar to those of the present matter. In that case, a tenant sought a refund for an overpayment in rent from its landlord. *Moore*, 237 F. Supp. at 874. The tenant mistakenly paid

5

In the present matter, based on the evidence and the circumstances presented, the Court finds that Debtors did not intend to pay Santander twice for its secured claim through both the confirmed 13 plan and through Debtors' one-time June 2014 lump sum payment. As such, the Court finds that Debtors were operating under a mistake of fact and did not act with "full knowledge of all the facts" when the Chapter 13 Trustee made payments to Santander under the confirmed plan. Further, no evidence was presented to show that Santander detrimentally changed positions in any way as a result of the overpayment, such that refunding the overpayment would cause a loss to Santander.

Ultimately, the Court finds that Santander's receipt of these additional payments was in violation of the terms of the confirmed plan. Therefore, in order to enforce and implement the Court's confirmation order and the terms of Debtors' chapter 13 plan, Santander shall be required, pursuant to § 105(a), to refund Debtors' overpayment of $1,815.61.

### Award of Attorney's Fees and Costs

Debtors also request the Court award attorney's fees and costs they have incurred in seeking a refund from Santander, filing the Motion, attending the hearing on the Motion, and handling other items related to the matter. As recently stated by this Court in *In re Berry*, 582 B.R. 886, 892–93 (Bankr. D.S.C. Feb. 2. 2018) aff'd C/A No. 2:18-444-MBS, slip op. 2019 WL 1034484 (D.S.C. Mar. 5, 2019),

> Both this Court and other courts have held that an award of attorney's fees under § 105 may be appropriate when a party violates the terms of a chapter 13 plan and the court's confirmation order. *See, e.g., Fla. Dep't of Rev. v. Rodriguez (In re Rodriguez)*, 367 Fed. App'x 25 (11th Cir. 2010) (upholding a bankruptcy court's finding that an award of attorney's fees was appropriate when the State of Florida violated the terms of the debtor's confirmed plan and was in contempt of the

---

the landlord twice the amount of monthly rent agreed upon by the parties, which the landlord knowingly accepted. *Id.* at 876. Relying on equitable principles and noting that the landlord had not detrimentally changed positions as a result of the overpayment, the South Carolina Federal District Court held that a refund of the overpayment was appropriate in those circumstances. *Id.* at 878–79.

6

confirmation order); *In re Crawford*, 532 B.R. 645, 655 (Bankr. D.S.C. 2015) ("[The Court's] authority to enforce its orders, including a confirmation order, under § 105(a) must necessarily include the ability to award fees to a debtor who is forced to bring an action, and thus incur attorney's fees, to compel a creditor's compliance with the binding plan and the order confirming the plan."); *In re Ford*, 522 B.R. 842, 848–49 (Bankr. D.S.C. 2015) (requiring a creditor to pay debtor's attorney's fees when the creditor's conduct constituted a violation of the confirmation order); *FNB Bank v. Carlton (In re Carlton)*, C/A No. 10–40388–JJR–13, Adv. Pro. No. 10–40054–JJR, slip op., 2011 WL 3799885 (Bankr. N.D. Ala. Aug. 26, 2011) ("A willful violation of a chapter 13 confirmation order may be contemptuous, as it was in this case, and § 105(a) provides statutory authority for a bankruptcy court to award monetary sanctions to compensate a debtor for the resulting harm, and at the court's discretion, to further award attorney's fees incurred in successfully achieving enforcement of the offended order.").

Debtors request an award of attorney's fees and costs in the amount of $3,807.90, which includes counsel's time for first addressing the overpayment with Debtors, drafting and mailing demand letters to Santander, drafting and filing the motion to reopen Debtors' bankruptcy case, drafting and filing the Motion, preparing and attending the hearing on the Motion and drafting, at the Court's request, a proposed order on the Motion.

As already discussed, based on the evidence presented, the Court concludes that Santander willfully and knowingly violated the terms of Debtors' confirmed chapter 13 plan by retaining the overpayments from the Trustee.

Further, based on the representations of Debtors' counsel and as reflected in the record, Santander can best be described as non-responsive throughout this matter. They did not respond to Debtors' demand letters, nor did they file any objections or responses to Debtors' motion to reopen their bankruptcy case or the present Motion. No representative or counsel appeared on behalf of Santander at the hearing on the Motion. While Santander has had opportunities to address the violations of the Court's confirmation order and Debtor's chapter 13 plan, it remained silent.

The consequence of Santander's non-responsiveness and its failure to observe the terms of the confirmed chapter 13 plan is clear, Debtors had to incur additional attorney's fees and costs

7

that they would not have otherwise incurred if Santander had complied with the terms of the confirmed plan or otherwise responded to Debtor's communications. As a result of Santander's inaction, Debtors were left with no other option but to reopen their bankruptcy case and file and prosecute the Motion, incurring additional expense that could have easily been avoided if Santander had complied with the terms of the plan and/or responded to Debtors' communications. Therefore, the Court finds, pursuant to § 105(a), an award of attorney's fees and costs that Debtors incurred to address the overpayment with Santander is proper in this matter.

Debtors' counsel reports that it incurred $3,807.90 in addressing the issues related to seeking a refund of the overpayment. Based on a review of the time records of Debtors' counsel, the Court finds that the rate of Debtors' counsel, the number of hours spent, and the costs asserted to be reasonable. In making this determination, the Court considered the guiding factors in determining a reasonable attorney's fee award under the precedent set by the Court of Appeals for the Fourth Circuit. *See Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (setting forth a twelve-factor test for the court to consider whether an attorney's fee award is reasonable).[6]

---

[6] The following factors under *Barber* favor a finding that the requested attorney's fees and costs are reasonable:

(1) **The time and labor expended**: The invoices of Debtors' counsel appear reflect reasonable amounts of time and effort taken to address the issues presented in this matter. It does not appear any unnecessary action was taken by Debtors' counsel in this matter.

(2) **The novelty and difficulty of the questions raised:** It does not appear that the overpayment of a satisfied loan as a violation of a confirmation order has been presented to this Court before.

(3) **The customary fee for like work**: The court finds that the requested attorney's fees and costs are a customary rate for litigation within a chapter 13 consumer bankruptcy case.

(4) **The amount in controversy and the results obtained**: Debtors' counsel was successful in obtaining the relief sought in the Motion. Further, while the amount in controversy is below the amount of attorney's fees and costs incurred, it appears such fees and costs were necessary and reasonable due to the non-responsiveness of Santander in this matter.

(5) **The experience, reputation and ability of the attorney**: The Court finds Debtor's counsel to have significant experience and ability and an excellent reputation among the bar.

(6) **Attorney's fees awarded in similar cases**: in reviewing the Court's prior orders awarding attorney's fees for a creditor's violation of confirmation orders, the fees requested by Debtor's counsel are on par with, if not well below, the fees awarded in those matters.

Therefore, Santander is further ordered to pay $3,807.90 for Debtors' attorney's fees and costs incurred in this matter.[7]

### Failure to Withdraw or Amend Proof of Claim

Debtors also allege that Santander should be sanctioned for failing to withdraw or amend its proof of claim after Debtors made full payment on the claim. As the Court has awarded the monetary relief sought by Debtors on other grounds, it is not necessary for the Court to consider whether further sanctions are appropriate regarding Santander's failure to withdraw or amend its proof of claim.[8]

### **CONCLUSION**

Based on the foregoing reasons, the Court hereby orders Santander to pay Debtor $1,815.61 to refund Debtor's overpayment on Santander's claim and $3,807.90 for attorney's fees and costs incurred to prepare and attend the hearing on the Motion and draft a proposed order. Santander is ordered to deliver these payments to Debtors' Counsel, Steadman Law Firm PA (P.O. Box 60367, North Charleston, SC 29419), no later than 14 days after the entry of this Order. Santander is directed to file proof of the payments required under this Order by no later than 20 days after the entry of this Order.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
October 25, 2019

---

[7] It appears Debtors are also entitled to relief under § 524(i), which provides that "[t]he willful failure of a creditor to credit payments received under a plan confirmed under [the Bankruptcy Code] . . . shall constitute a violation of [the discharge] injunction if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor." The acceptance and retention of payments after the loan was paid in full was a misapplication of plan payments which resulted in a material injury to Debtors, namely the overpayment of funds by the Trustee to Santander and Debtors' attorney's fees and costs incurred in this matter.

[8] To the extent that Debtors are seeking punitive sanctions against Santander for its inaction in this matter, the Court is not inclined to award such punitive sanctions at this time.